DANIEL E. MANDELL v. GEORGE H. STEPHENS and others.

Simulation is of two kinds. The first, where the parties intend that no engagement shall take place; the second, where a real contract prohibited by law, is intended to be entered into, under the form and appearance of another contract. In the latter case, under an allegation of simulation, a *dation en paiement* may be proved.

In an action by a creditor to annul a sale made by a debtor, alleged to be insolvent, in fraud of his rights, the vendees may plead in compensation of plaintiff's demand, a sum alleged to be due to the insolvent, their co-defendant, though the latter have failed to plead it in time to prevent a judgment for the whole amount claimed as against him.

APPEAL from the District Court of the First District, *Buchanan*, J. The petitioner alleges that the defendant, Stephens, is indebted to him in the sum of $912 50, for the repairs of carriages and other work as a blacksmith, done for him as the proprietor of a livery-stable : That Stephens has sold his stable and its contents, to the other two defendants, Barber and Kerrison, with the view of defrauding the petitioner and other creditors of Stephens : That Barber and Kerrison were aware of Stephens' debts, and knew that he was insolvent at the time of their purchase : That in contemplation of a sale previously projected, Barber agreed to assume the debt due to the petitioner : That he now holds the property in his name with a view to shield it from the creditors of Stephens ; and that the latter has all the rights to the establishment which he had before the sale. The petitioner claims a lien or privilege on the property, which Barber and Kerrison pretend to own ; and alleges that he fears that the defendants will dispose of the property, so as to prevent his enforcing his privilege or lien. A sequestration was prayed for,

and judgment against the defendants, *in solido*, for the amount claimed, with privilege, and for interest ; also that the sale be declared fraudulent and null ; and for general relief.

Barber and Kerrison answered, that they purchased from Stephens certain horses, carriages, harness, saddles, wagons, and stable utensils, for a valuable consideration, paid at the time ; that the property was delivered to them at the time of the purchase, and remained in their possession until a part was seized by the sheriff ; and that the sale to them was *bona fide,* They deny all the other allegations in the petition.

A judgment by default was confirmed against Stephens, for the amount claimed, on the 9th of February.

A bill of exceptions, signed on the next day, recites : "That on the trial of this cause, the defendant Stephens appeared in court, by his counsel, on the 10th of January, and prayed that the judgment taken against him yesterday be set aside ; and that he be allowed to file, as a defence to the plaintiff's petition, the answer presented by him, on the ground that the plaintiff having elected to bring a joint action against the defendants, had no right to take a final judgment against one, before the case was tried as to all the defendants, &c.; but that the court refused permission to file the answer, to which refusal the counsel for the defendants excepts," &c.   The answer offered to be filed, admits that a part of the plaintiff's demand, not exceeding $500, is due ; it denies that any account was rendered to, or acknowledged by the respondent ; and pleads in compensation of the part of the account admitted, a bill for various articles, amounting in all to $875 75 ; praying for a judgment for the balance of $357 75, remaining over and above the amount alleged to be due to the plaintiff.

On the same day Barber and Kerrison filed a supplemental answer, pleading in compensation of plaintiff's demand, the account of $857 75, above mentioned.

The lower court, considering the insolvency of the plaintiff at the time of the sale as clearly proved, but the simulation in regard to the consideration of the contract as not established and that art. 2628 of the Civil Code protects the plaintiff from the preference attempted to be given by Stephens to Barber and

Kerrison over him, avoided the sale as to the plaintiff, and ordered the property sold, or the value thereof, to be applied to the payment of the plaintiff's debt, with interest thereon from judicial demand. Barber and Kerrison appealed.

*Conklin* and *Roselius*, for the plaintiff.

*Lockett* and *Micou*, for the appellants.

MARTIN, J. The defendants Barber and Kerrison, are appellants from a judgment which sets aside, as far as it concerns the plaintiff, a transfer of property made to them by Stephens, their co-defendant, on the ground that it was a *dation en payement*, which the insolvency of Stephens prevents from taking effect to the injury of his creditors. They urge that the District Court erred, as the petition does not complain of the apparent sale as a *dation en paiement*, and alleges only a simulation and fraud for the purpose of covering the vendor's property; that the court pronounces in favor of the defendants on the allegation of fraud, but annuls the transfer as a giving in payment, which was erroneously done, as the defendants were not called upon by the petition to establish the solvency of the transferor, and, in regard to his insolvency, the *onus probandi* was on the plaintiff. They further allege that the solvency was proved, and if the insolvency had been, the transfer ought not to have been set aside *in toto*, and the sale should have been supported for that part of the price which was actually paid in cash and notes.

They complain that the court erroneously struck out from their answer a plea in compensation, grounded on a claim of Stephens against the plaintiff, which was disregarded, because urged by the claimant after judgment against him, these appellants contending that they are entitled to avail themselves of this claim in order to increase the assetts of Stephens, and repel the charge of his insolvency, especially as the amount of Stephens' claim entitled him to a balance by reconvention. Lastly, interest is complained of as allowed on the plaintiff's claim, which was unliquidated.

On the first point, that of simulation, we are of opinion that its existence may be shown by proving that a *dation en paiement* was the object which the parties had in view, and which they conceived by carrying their intentions into effect under the ap-

pearance and form of a contract of a sale. There are two sorts of simulation : one, when a contract is simulated while the parties intend that no engagement should take place ; as when a debtor makes a pretended sale of his property with the sole purpose of preventing its seizure by the sheriff, to defeat one of his creditors. Another, is one of those in which a real contract or engagement, which the law prohibits, is intended, but to defeat the ends of justice, the form and appearance of another contract is resorted to ; as where an insolvent debtor, with a view to favor one of his creditors, gives him part or the whole of his property in payment, and a contract of sale in which the payment and numeration of the price at the time of the contract, in the presence of the notary and witnesses, is stated, even when it is so actually but fraudulently made, as when the creditor pays with money or bills furnished by the debtor, which are immediately after restored. In the latter case, we have no hesitation to say that, under an allegation of simulation, the *dation en payement* can be proved. The insolvency was specially alleged, as it was stated to be in the knowledge of the defendants Barber and Kerrison. The transfer was an entire contract, which could not be partially set aside, as the court had no means to ascertain that portion of the property attempted to be transferred, to which the alleged payments, if allowed, could be applied. As the insolvency was proved, it matters not on what party the *onus probandi* rested. The appellants offered a sum alleged to be due by the plaintiff to their co-defendant Stephens, and by him pleaded in compensation, alleging that they had a right to avail themselves of it, notwithstanding Stephens had neglected to urge it in time. The court refused to permit them to avail themselves of it. They had, in our opinion, a right to do so, and could not be prejudiced by the neglect of their co-defendant. If they can show a credit, justly claimable by him, the demand of the plaintiff must be proportionably reduced, and they are entitled to have the case remanded, that they may have the opportunity of establishing the amount, for which Stephens had a right to compensation, if the plea had been filed in proper time. The view which we have taken of this case, renders it useless that we should act on the part of the judgment which relates to interest.

It is, therefore, ordered and decreed, that the judgment be annulled, and the case remanded for a new trial, with directions to the court to permit the appellants to offer evidence of the nature and amount of the sum, by which they pretend the plaintiff's claim ought to be reduced; the plaintiff and appellee paying the costs of the appeal.